IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TERESA UPCHURCH,** | ) |
| | ) |
| **Ms. Upchurch** | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| **THE DRUG STORE CO., INC.** | ) JURY DEMANDED |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Plaintiff, Teresa Upchurch (hereinafter "Plaintiff" or "Ms. Upchurch"), who hereby files this action against The Drug Store Co., Inc. (hereinafter "DSI" or "Defendant") pursuant to the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §621 *et. seq*. ("ADEA") and Alabama Age Discrimination and Employment Act. Alabama Code §§ 25-1-20 (1975) *et. seq*. Ms. Upchurch pleads the following:

## NATURE OF SUIT

1.  This is a Complaint seeking declaratory, injunctive and monetary relief from Defendant for unlawful acts of age discrimination with respect to its unlawful employment practices concerning Ms. Upchurch. Ms. Upchurch seeks relief under the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §621 *et.*

*seq.* ("ADEA"), as well as the Alabama Age Discrimination and Employment Act. Alabama Code §§ 25-1-20 (1975) *et. seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this matter arises under 28 U.S.C. §§ 1331 and 1343(4) with federal questions involving the Age Discrimination in Employment Act. 29 U.S.C. § 621 et. seq. ("ADEA").

3. An express grant of federal court jurisdiction over these federal claims is found in the ADEA at 29 U.S.C. §626.

4. Pursuant to 28 U.S.C.§1367, this Court has supplemental jurisdiction over Ms. Upchurch's state law claims concerning Alabama Code §§ 25-1-20 (1975) *et. seq.*

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Ms. Upchurch's claims, occurred in and around Sumter County, Alabama.

## PARTIES

6. Ms. Teresa Upchurch is an individual resident of Lauderdale, Mississippi.

7. Defendant, The Drug Store Co., Inc. (hereinafter "DSI" or "Defendant") is an Alabama corporation (Alabama Secretary of State ID No.: 058-173).

8. DSI is a privately-owned pharmacy company and conducts business in and around state of Alabama, with its principal address is located in Sumter County, Alabama.

9. DSI business focuses on selling pharmaceutical goods to the public and it provides pharmacy related services.

10. At all relevant times, Ms. Upchurch managed DSI's locations in York and Livingston, Alabama.

11. Ms. Upchurch was employed by DSI from September 2, 1982 until DSI terminated her on February 18, 2019.

12. At all relevant times stated herein, DSI was Ms. Upchurch's employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA").

13. At all relevant times, Ms. Upchurch was an employee within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA").

## FACTUAL ALLEGATIONS

14. Ms. Upchurch was employed by DSI for over thirty-six (36) years, during which time she had an exemplary employment record.

15. Ms. Upchurch routinely worked over forty hours per week in her capacity as a manager for Defendant.

16. Ms. Upchurch met all of her responsibilities including managing DSI's non-pharmaceutical sales program and she was a productive member of each of DSI's departments that she was assigned to work during her service to the Defendant.

17. During her tenure, Ms. Upchurch was consistently rated a top performer who

worked hours of overtime in order to assist the store's departments in meeting DSI's monetary goals.

18. On or about the beginning of February 2019, a co-worker told Ms. Upchurch that her job may be at risk.

19. After hearing this, Ms. Upchurch spoke directly to DSI's management about her wish to continue employment and that she was not being replaced by a younger, less senior employee.

20. She was assured by Mr. Zach Riley, president of DSI, that her job was not in jeopardy.

21. After Ms. Upchurch spoke to Mr. Riley, she learned from her supervisor before she was fired that Mr. Riley was seeking to force her out of her manager position because he wanted a "younger perspective" for DSI.

22. Despite Mr. Riley's reassurances, on February 18, 2019, DSI terminated Ms. Upchurch's employment.

23. After DSI terminated Ms. Upchurch, they refused to respond to her inquiries regarding her termination.

24. Prior to terminating Ms. Upchurch, DSI never issued any employee reprimand(s), write-up(s), coaching(s), or verbal warning(s) concerning Ms. Upchurch's job performance as its full-time manager.

25. In fact, Ms. Upchurch never received any employee reprimand(s), write-

up(s), coaching(s), or verbal warning(s) from DSI during her thirty-six plus (36+) years of employment.

26. At all relevant times, DSI maintained an "Equal Opportunity" policy which it outlined in its employee handbook. The policy states the following:

> The Drug Store Company, Inc. is an Equal Opportunity Employer. Employment opportunities at The Drug Store Company, Inc. are based upon one's qualifications and capabilities to perform the essential functions of a particular job. All employment opportunities are provided without regard to race, religion, sex, pregnancy , childbirth or related medical conditions, national origin, age, veteran status, disability, genetic information, or any other characteristic protected by law.
>
> This Equal Employment Opportunity policy governs all aspects of employment, including, but not limited to, recruitment, hiring, selection, job assignment, promotions, transfers, compensation, discipline, termination, lay off, access to benefits and training, and all other conditions and privileges of employment.

(The Drug Store Inc. Employee Handbook, p. 10)

27. DSI failed to abide by its "Equal Opportunity" policy in terminating Ms. Upchurch without cause and replacing her position with a younger, less experienced employee.

28. At all relevant times, DSI maintained a policy concerning reporting, retaliation, and investigations of harassment and discrimination which was outlined in its employee handbook. The policy states the following:

> The Drug Store Company, Inc. strongly urges the reporting of all instances of discrimination and harassment, and prohibits retaliation against any individual who reports discrimination, harassment, or

> participates in an investigation of such report. The Drug Store Company, Inc. will take appropriate disciplinary action, up to and including immediate termination, against any employee who violates this policy.

*Id.*

29. Ms. Upchurch's younger comparators received the benefit of DSI's policy concerning reporting, retaliation, and investigations of harassment and discrimination, but she was not given the same treatment.

30. At all relevant times, DSI maintained a progressive discipline process that was outlined in its employee handbook. The policy stated the following:

> 3.5 Termination of Employment
> Termination of employment is an inevitable part of personnel activity within any organization, and many of the reasons for termination are routine.
> Common circumstances under which employment is terminated include the flowing:
> Resignation - Voluntary employment termination initiated by an employee.
> Termination - Involuntary employment termination initiated by The Drug Store Company, Inc.. In most cases, The Drug Store Company, Inc. will use progressive disciplinary actions before dismissing an employee.
> However, certain actions warrant immediate termination.
> Layoff - Involuntary employment termination initiated by The Drug Store Company, Inc. for non-disciplinary reasons.
> Retirement - Voluntary employee termination upon eligibility for retirement.

(The Drug Store Inc. Employee Handbook, p. 19-20)

31. Ms. Upchurch's younger comparators were disciplined in accordance with DSI's progressive disciplinary policy.

32.   However, DSI did not provide Ms. Upchurch the same opportunity and/or protections.

33.   As such, Ms. Upchurch was treated differently than her younger comparators.

34.   After complaining about being pushed out of her job due to her age, the Defendant terminated Ms. Upchurch on February 18, 2019.

35.   DSI never investigated Ms. Upchurch's concerns and/or complaints about being replaced by a younger, less qualified, employee.

36.   Defendant knowingly, willfully, and with reckless disregard, terminated Ms. Upchurch's employment on February 18, 2019 due to her age.

37.   Defendant did not act in good faith or reliance upon any of the following in formulating in terminating Ms. Upchurch: (a) case law, (b) the ADEA, 29 U.S.C. § 621 et. seq. (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations; or (d) the Alabama Age Discrimination In Employment Act as defined by the Alabama Code §§ 25-1-20 (1975) et. seq.

38.   At all times DSI knew Ms. Upchurch's age.

39.   Ms. Upchurch's termination was based solely on her age, as well as her decision to engage in protected activity under the law.

40.   At all relevant times to this action, Ms. Upchurch was over forty (40) years of age, and Defendant denied her continued employment due to her age.

41.   Defendant terminated Ms. Upchurch when she was 61 years old.

42.     Because DSI's termination of Ms. Upchurch was not justified by any reason other than her age, the practice was unlawful age discrimination discriminatory.

## PREREQUSITES TO A CLAIM OF AGE DISCRIMINATION

43.     Ms. Upchurch has met the statutory prerequisites to the filing of an ADEA complaint in federal court.

44.     Ms. Upchurch filed the initial complaint with the EEOC within 180 days of her being unlawfully terminated. The Defendant unlawfully terminated Ms. Upchurch due to her age on or about February 18th, 2019.

45.     Ms. Upchurch filed a complaint with the EEOC 93 days later on May 22, 2019. 29 U.S.C.S. § 626(d)(1)(A).

46.     Ms. Upchurch filed this Complaint within 90 days of receiving Dismissal and Notice of Suit Rights from the EEOC, which was mailed to Ms. Upchurch on November 1, 2019.

## COUNT I

**Defendant's Violations of the Age Discrimination In Employment Act
(29 U.S.C. § 621 *et. seq.* ("ADEA"))**

Ms. Upchurch incorporates by reference the previous paragraphs 1-46 above and makes them a part hereof.

47.     The ADEA makes it unlawful:

>   (1)     to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this Act.

29 U.S.C.S. § 623

48. While Rule 8 only requires that Ms. Upchurch "plausibly suggest" intentional age discrimination at the complaint stage, *Buchanan v. Delta Air Lines, Inc.,* 727 F. App'x 639, 641 (11th Cir. 2018), Ms. Upchurch may establish a prima facie case of age discrimination by showing:

> (1) that [s]he was a member of the protected group of persons between the ages of forty and seventy; (2) that [s]he was subject to adverse employment action; (3) that a substantially younger person filled the position that [s]he sought or from which [s]he was discharged; and (4) that [s]he was qualified to do the job for which [s]he was rejected.

*Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) citing *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996).

49. The Defendant both intentionally and willfully engaged in illegal age discrimination against Ms. Upchurch.

50. Defendant terminated Ms. Upchurch who, at 61 years old, was in a protected class under the ADEA.

51. Ms. Upchurch suffered an adverse employment action when she was unlawfully terminated by Defendant.

52. Defendant replaced Ms. Upchurch with someone "substantially younger" than she was. Defendant's choice to replace Ms. Upchurch was in his thirties.

53. Ms. Upchurch had shown after over 36 years of service that she was well qualified for her position. After nearly four decades of service, Ms. Upchurch had never received any reprimands or write-ups, being promoted to store manager during that time.

54. Because Ms. Upchurch was classed on the basis of her age, she was denied the procedures outlined in the employee handbook which entails several steps between any alleged deficient performance and termination. Defendant summarily terminated Ms. Upchurch, denying her the benefit of process available to all other employees. See 29 U.S.C.S. § 623(2).

55. Ms. Upchurch's termination was pre-text for age discrimination with respect to her employment terms, conditions, privilege of employment, firing, compensation, benefits, job assignments, and training.

56. Ms. Upchurch was told by her supervisor that her firing was due DSI's desire for a "younger perspective," thus demonstrating the casual link between Ms. Upchurch's age and the DSI's decision to terminate her.

57. The Defendant's assurance that Ms. Upchurch was in no danger of losing her job further shows that there was no legitimate business reason for the termination. Thus, Defendant gave so-called justifications made after the fact only served to mask

the Defendant's discriminatory purpose.

58.  The peculiar reasons put forth by Defendant in its termination letter to Ms. Upchurch should have been handled per the disciplinary procedures outlined in the handbook which do not allow for immediate termination for minor mistakes. The denial of these procedures was due solely to Ms. Upchurch's age.

59.  Accordingly, Ms. Upchurch avers that the Defendant's conduct violates the ADEA's ban against age discrimination.

## COUNT II
### Retaliation Under The Age Discrimination In Employment Act
### (29 U.S.C. § 621 *et. seq.* ("ADEA"))

Ms. Upchurch incorporates by reference the previous paragraphs 1-59 above and makes them a part hereof.

60.  Ms. Upchurch engaged in protected activity under 29 U.S.C. § 621 *et. Seq.* when she confronted Defendant's management about the possibility of losing her job to a younger employee.

61.  Mr. Riley, president for DSI, assured Ms. Upchurch that her job was not in danger, failing to mention any reason why her job security might possibly be at risk.

62.  Mr. Riley did not tell of her of any deficiencies that might lead to her termination or otherwise provide any reprimands.

63.  Nevertheless, Defendant terminated Ms. Upchurch following her complaint about rumors that she would be fired and replaced with a younger employee.

64. Because, according to Defendant, Ms. Upchurch was not at risk of losing her job when she inquired into her employment status, the subsequent termination was retaliation for Ms. Upchurch having engaged in protected activity.

65. Defendant's retaliatory, coercive, oppressive, and other adverse actions against Ms. Upchurch were caused by her complaints of age discrimination, as well as her requesting additional information about Defendant's alleged desire to replace her with a younger employee. Such actions are protected activity under the ADEA.

66. Defendant further engaged in retaliatory, coercive, oppressive, and other adverse actions against Ms. Upchurch because she opposed Defendant's illegal conduct including, but not limited to, denying Ms. Upchurch information related to is discriminatory scheme about terminating employees based on their age, terminating her due to her age, as well as its refusal to reinstate her upon termination.

67. Defendant's actions were connected to Ms. Upchurch's engaging in protected activity and her opposition to Defendant's illegal conduct.

68. Resulting from Defendant's actions, Ms. Upchurch has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and privileges of employment.

69. Ms. Upchurch has suffered and suffers irreparable harm and injury, including pain, humiliation, anxiety, loss of employment, and mental anguish.

70. At all relevant times, Defendant knowingly, willfully, and recklessly denied

and retaliated against Ms. Upchurch her rights under the ADEA. Notably, the procedures outlined in the employee handbook were eerily similar to those outlined in the ADEA.

## COUNT III
### Violation of the Alabama Age Discrimination In Employment Act
### (Alabama Code §§ 25-1-20 (1975) *et. seq.*)

Ms. Upchurch incorporates by reference the previous paragraphs 1-70 above and makes them a part hereof.

71. The Alabama Age Discrimination in Employment Act ("AADEA") states that "[n]o employer, employment agency, or labor organization shall discriminate in employment against a worker 40 years of age and over in hiring, job retention, compensation, or other terms or conditions of employment. Ala. Code § 25-1-21 (1975).

72. The similarities between the AADEA and the ADEA have led Alabama courts to adopt the same burden shifting analysis set forth above for federal age discrimination claims. *Lambert v. Mazer Disc. Home Ctrs., Inc.*, 33 So. 3d 18, 23 (Ala. Civ. App. 2009):

> federal courts have applied to AADEA claims the same evidentiary framework applied to federal age-discrimination claims. We agree that this framework, which was articulated by the Supreme Court of the United States in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981), is the proper means by which to review an AADEA claim

*Robinson v. Ala. Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007)

73. Accordingly, based on the factual allegations set forth in Count One and incorporated into this Count, the Defendant has willfully and intentionally violated the AADEA where it unlawfully terminated Ms. Upchurch on the basis of her age.

## COUNT IV
### Retaliation Under The Alabama Age Discrimination In Employment Act (Ala. Code § 25-1-28 ("AADEA"))

Ms. Upchurch incorporates by reference the previous paragraphs 1-73 above and makes them a part hereof.

74. The State of Alabama has a law similar to that of the federal ADEA that makes it unlawful to retaliate against an employee for opposing age discrimination, which protects Ms. Upchurch's right to oppose such discrimination in the workplace:

> It is an unlawful employment practice for an employer, labor organization, employment agency, or joint labor-management committee to discriminate against an individual because that individual has opposed any practice which is an unlawful employment practice under this article, or because that individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this article.

Ala. Code § 25-1-28 (1975).

75. Defendant violated the AADEA when it engaged in the conduct set forth in Counts I and II of this Complaint. The relevant numbered paragraphs have been incorporated into this Count of retaliation under Alabama law.

76. Therefore, Ms. Upchurch avers that Defendant retaliated in violation of the

AADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Upchurch respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Ms. Upchurch by Defendant, are violative of her rights as secured the ADEA. 29 U.S.C. § 621 *et. seq.* and the AADEA, Alabama Code §§ 25-1-20, 25-1-28 (1975) *et. seq.;*

2. Grant Ms. Upchurch equitable relief, reinstatement and a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Ms. Upchurch's rights, as well as those who are similarly situated pursuant the ADEA. 29 U.S.C. § 621 *et. seq.* and the AADEA, Alabama Code §§ 25-1-20, 25-1-28 (1975) *et. seq;*

3. Award Ms. Upchurch the full panoply of relief available under the law, including the award of pecuniary and non-pecuniary compensatory damages including reinstatement, benefits, back pay, front pay, interest, liquidated damages and other damages necessary for justice and furtherance of the law;

4. Award Ms. Upchurch reasonable costs, attorneys' fees and expenses;

5. Award such other relief and benefits as the cause of justice may require.

## DEMAND FOR JURY TRIAL

Ms. Upchurch demands trial by jury on all issues so triable as a matter of right by jury.

Dated this the 29th day of January, 2020.

RESPECTFULLY SUBMITTED,

*s/ Daniel Patrick Evans*
Daniel Patrick Evans
ASB-3209-R67G
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
dpevans@evanslawpc.com

s/Stephen K. Woodall
Stephen K. Woodall
ASB-2971-N63O
Woodall Law
1736 Oxmoor Road, #101
Birmingham, AL 35209
Office:(205) 795-3517
*Attorneys for Plaintiff*

**SERVE DEFENDANT BY CERTIFIED MAIL:**

**Defendant's Address:**
**The Drug Store Co. Inc.**
110 Lafayette Street
Livingston, Alabama 35470